[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE #112
On July 15, 2002, this court granted the defendant, Attorney Brian S. Mead's, motion to strike count four, alleging a violation of General Statutes § 42-110a et seq., Connecticut Unfair Trade Practices Act (CUTPA). On July 30, 2002, the plaintiffs[1], Raymond and Rhonda Bowling Jr., filed counts three and four of the amended complaint against the defendant for slander, libel, breach of attorney client privilege and violation of CUTPA. In the amended complaint, the plaintiffs allege, inter alia, that the defendant made false and defamatory accusations against them and breached the attorney-client privilege during the course of his representation of them. The plaintiffs further allege that this conduct constitutes an unfair trade practice under CUTPA.
The plaintiffs' amended complaint alleges that the defendant had represented them in a personal injury claim and in the "start-up of various business enterprises." The amended complaint alleges that the defendant and Raymond Bowling Jr. participated in numerous "entrepreneurial and/or commercial" dealings, including a company called Opvest 2000, Inc., a corporation with the primary purpose of advising potential customers how to invest in the stock market. The counts allege that, as a result of alleged wrongful corporate activities, Raymond Bowling Jr., and another, Daniel Remian, had instituted a civil lawsuit on December 21, 1998, against the defendant, and the defendant filed a counterclaim seeking damages from Raymond Bowling Jr., arising from their business dealings.
The amended complaint further alleges that, concurrent to this civil lawsuit, the defendant, while representing the plaintiffs in a chapter seven bankruptcy petition, disclosed confidential information that he gained from the plaintiffs to a trustee and creditors, and accused the plaintiffs of hiding assets from their creditors. The amended complaint also alleges that the defendant filed erroneous, false and unsubstantiated proofs of claim against the plaintiffs' bankruptcy estate CT Page 13089 to further advance his defenses and counterclaims in the civil lawsuit and was deposed, without objecting, by the trustee in the bankruptcy petition.
Specifically, the plaintiffs allege in count four of the amended complaint, inter alia, that the defendant's course of conduct during the bankruptcy petition, including informing the trustee's office of defects in his preparation of the plaintiffs' mortgage documents in an effort to cause them to lose their home, constituted a "vendetta" against the plaintiffs. Because of this "vendetta", the defendant used libel, slander and information gained from attorney-client communications to further his counter claims and defenses in the civil lawsuit and as a result, the plaintiffs suffered financial and emotional harm. The plaintiffs' counsel, during argument, argued that these allegations constitute an "abuse of the judicial process" and violations of CUTPA.
The defendant filed a motion to strike the fourth count of the amended complaint which alleges a violation of CUTPA. The defendant argues that the wrongful acts alleged in the fourth count arise purely out of the professional attorney-client relationship and do not implicate the entrepreneurial aspect of the practice of law.
 LAW
"[The Connecticut supreme] court has stated that, in general, CUTPA applies to the conduct of attorneys. . . . The statute's regulation of the conduct of any trade or commerce does not totally exclude all conduct of the profession of law. . . . Nevertheless, we have declined to hold that every provision of CUTPA permits regulation of every aspect of the practice of law. . . . We have stated, instead, that, only the entrepreneurial aspects of the practice of law are covered by CUTPA." (Citations omitted; internal quotation marks omitted.) SuffieldDevelopment Associates Ltd. Partnership v. National Loan Investors.L.P., 260 Conn. 766, 781, ___ A.2d ___ (2002).
"Our CUTPA cases illustrate that the most significant question in considering a CUTPA claim against an attorney is whether the allegedly improper conduct is part of the attorney's professional representation of a client or is part of the entrepreneurial aspect of practicing law." Id. "The plaintiff attempts to draw a distinction between the present case and the cases previously set forth by emphasizing that the amended complaint in the present case alleges intentional misconduct. . . . We are unpersuaded by this reasoning. . . . [A]lthough all lawyers are subject to CUTPA, most of the practice of law is not. The `entrepreneurial' exception is just that, a specific exception from CUTPA CT Page 13090 immunity for a well-defined set of activities — advertising and bill collection, for example. . . . It is not a catch-all provision intended to subject any arguably improper attorney conduct to CUTPA liability. Therefore, the mere fact that the actions of the attorney and the law firm might have deviated from the standards of their profession does not necessarily make the actions entrepreneurial in nature." (Citations omitted.) Id., 782; see Haynes v. Yale-New Haven Hospital,243 Conn. 17, 35, 699 A.2d 964 (1997) ("[V]iolations predicated on negligence or malpractice, whether legal or medical, are not covered because those claims address only competence."); see also Eriks v.Denver, 118 Wash.2d 451, 465, 824 P.2d 1207, 1214 (1992) ("The entrepreneurial aspects of legal practice are those related to: how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients.").
"[O]ur justification for exempting negligent malpractice from CUTPA claims — that liability would have a chilling effect on lawyers' duty of robust representation — applies equally to intentional misconduct. . . . By shielding attorneys from CUTPA liability for professional conduct, we do not intend to protect intentional malpractice, just as we never have intended to protect negligent malpractice. Rather, protecting professional conduct from CUTPA liability ensures that no attorney is discouraged from intentional and aggressive actions, believed to be in the interest of a client, by fear of being held liable under CUTPA in the event that the action is later deemed to have been an intentional deviation from the standards of professional conduct. [W]e must . . . take care not to adopt rules which will have a chilling and inhibitory effect on would-be litigants of justiciable issues. . . . [We seek] to avoid any rule that would interfere with the attorney's primary duty of robust representation of the interests of his or her client." (Citations omitted; internal quotation marks omitted.)Suffield Development Associates Ltd. Partnership v. National LoanInvestors. L.P., supra, 260 Conn. 783-84.
Taken in the manner most favorable to sustaining its legal sufficiency, the complaint alleges that during his representation of the plaintiffs in their bankruptcy petition, the defendant committed intentional misconduct as part of a personal vendetta against the plaintiffs. While the complaint alleges that the defendant was involved in entrepreneurial dealings with the plaintiff, those matters are being litigated in another lawsuit. Moreover, all of the allegations of the fourth count, as amended, concern the defendant's representation of the plaintiffs in his legal capacity. It is clear that the allegedly improper conduct was part of the attorney's professional representation of his clients rather than the entrepreneurial aspect of practicing law, i.e., CT Page 13091 advertising and bill collection. See Haynes v. Yale-New Haven Hospital,243 Conn. 17, 35, 699 A.2d 964 (1997) ("The noncommercial aspects of lawyering that is, the representation of the client in a legal capacity — should be excluded for public policy reasons.").
 ORDER
The plaintiff has not alleged a legally sufficient cause of action under CUTPA. Accordingly, the motion to strike amended count four is granted.
Foley, J.